UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Antonio Barnes, #338781, | ) | C/A No.: 5:15-cv-00022-DCN-KDW |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Cecilia Reynolds, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Antonio Barnes ("Petitioner") is a state prisoner who filed this pro se Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 16, 17. On March 26, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment procedures and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 18. Petitioner filed a Response in Opposition to Respondent's Motion for Summary Judgment on May 29, 2015. ECF No. 25. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 17, be granted.

I.       Background

Petitioner is currently incarcerated in the Perry Correctional Institution of the South Carolina Department of Corrections ("SCDC"). ECF No. 1. In April 2009, Petitioner was indicted by a Richland County Grand Jury for one count of murder (2009-GS-40-3140). App

197-98.[1] On November 12, 2009, Petitioner pleaded guilty to the lesser included offense of manslaughter before the Honorable L. Casey Manning. App. 1-85. During his plea, Attorney Robert Mills represented Petitioner, and Assistant Solicitors Eden Hendrick and Kathryn Luck Campbell appeared on behalf of the State. *Id.* Judge Manning sentenced Petitioner to 22 years confinement for the charge. App. 84. Petitioner filed a Motion for Reconsideration of the sentence, App. 124, and the Motion was denied in a February 1, 2010 order, App. 125. Petitioner did not file a direct appeal.

II.    Procedural History

On October 20, 2010, Petitioner filed an Application for Post-Conviction Relief ("PCR") alleging ineffective assistance of counsel, unreasonable body seizure, and due process rights violations. App. 86-90. On February 8, 2011, the State filed a Return and requested an evidentiary hearing. App. 91-96. Prior to the hearing, Petitioner's appointed counsel, David Belding, submitted a "trial brief" to the court. App. 97-126. There, Petitioner argued his plea counsel was deficient for failing to challenge the voluntariness of Petitioner's written statements in light of Petitioner's age and IQ level. App. 99-100. An evidentiary hearing was conducted before the Honorable J. Ernest Kinard, Jr., on January 11, 2012.  App. 127-82. Petitioner was present and represented by David E. Belding, Esq., and Assistant Attorney General Brian Petrano, Esq., represented the State.  *Id.*  Petitioner and plea counsel Mills testified at the hearing.  App. 43-76.

In an Order dated March 12, 2012, the PCR court denied Petitioner's PCR Application in full, making the following findings of fact and conclusions of law:

> This Court has had the opportunity to review the record in its entirety and has heard the testimony at the post-conviction relief hearing. This Court has further

---

[1] Citations to "App." refer to the Appendix for Petitioner's plea transcript and Post-Conviction Relief Proceeding documents. That appendix is available at ECF No. 16-1 in this habeas matter.

had the opportunity to observe the witnesses presented at the hearing, closely pass upon their credibility and weigh their testimony accordingly. Set forth below are the relevant findings of facts and conclusions of law as required pursuant to S.C. Code Ann. § 17-27-80 (1985).

The Applicant testified and explained his version of the original investigation. The Applicant explained that the police contacted him and explained that they wanted to talk to him about a fight. The Applicant explained that he went there with his mother and that she told him if he did not cooperate, she would leave. The Applicant explained that he was informed of his rights. The Applicant explained that he recalled signing the advice of rights form that the officer had typed up but that that [sic] he (the Applicant) did not really read it over. The Applicant claimed that he only read at a 2nd grade level, despite that he was in the 8th grade at the time. The Applicant claimed that he wanted to call his mother, but he was ultimately charged with AWIK and possession of a firearm. The Applicant explained that he had a gun (shotgun) at the scene but that he never fired the gun because when he tried to do so it malfunctioned. The Applicant explained that he was eventually charged with murder and ultimately waived from family court to general sessions. The Applicant explained that he met with plea counsel three (3) or four (4) times prior to the plea. The Applicant explained that plea counsel first came to him with a plea offer to voluntary manslaughter for twenty (20) to twenty-five (25) years but he rejected that offer. The Applicant explained that plea counsel then relayed a fifteen (15) year offer and that is what he thought was the plea arrangement. The Applicant explained that plea counsel was hesitant to give him a copy of the discovery materials but that he eventually got a copy in October 2010. The Applicant explained that plea counsel and he did discuss *hands of one*. The Applicant explained that he pled guilty because there simply was no better option but that he thought he was pleading to fifteen (15) years because he was the lesser person of two assailants.

Plea counsel testified that he recalled his representation of the Applicant and that he had originally been retained by the Applicant's family for the family court proceedings. Plea counsel explained that the family court hearing ended in a waiver and that the Applicant was found competent. Plea counsel explained that he met with the Applicant on multiple occasions and that they reviewed the discovery materials together. Plea counsel explained that they fully discussed hands of one and accomplice liability. Plea counsel explained that they also discussed the witness statements from those who were at the scene. Plea counsel explained that if they ended up going to trial the best they could argue would be self-defense. Plea counsel explained that they discussed the photo identification and the Applicant's confession. Plea counsel explained that the State's case was legally correct based on accomplice liability. Plea counsel explained that even without the confession there was enough for a conviction based on the witness statements referring to "little tony." Plea counsel explained that while he was certainly arguing for fifteen (15) years, the Applicant was fully aware that the plea sentencing range was fifteen (15) to twenty-five (25) years. Plea counsel explained that the Applicant told him his version of events and it fully supported the State's case.

In a post-conviction relief action, the Applicant has the burden of proving the allegations in the application. Rule 71.1(e), SCRCP; Butler v. State, 286 S.C. 441, 334 S.E.2d 813 (1985). Where ineffective assistance of counsel is alleged as a ground for relief, the Applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland v. Washington, 466 U.S. 668,104 S.Ct. 2052, 2064, 80 L.Ed.2d 674,692 (1984); Butler, 286 S.C. 441, 334 S.E.2d 813 (1985).

The proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. Courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Butler, 286 S.C. 441, 334 S.E.2d 813 (1985). The Applicant must overcome this presumption to receive relief. Cherry v. State, 300 S.C. 115, 386 S.E.2d 624 (1989). When there has been a guilty plea, the applicant must prove that counsel's representation was below the standard of reasonableness and that, but for counsel's unprofessional errors, there is a reasonable probability that he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); Alexander v. State, 303 S.C. 539, 542, 402. S.E.2d 484, 485 (1991).

Courts use a two-pronged test in evaluating allegations of ineffective assistance of counsel. First, the Applicant must prove that counsel's performance was deficient. Under this prong, attorney performance is measured by its "reasonableness under professional norms." Cherry, 300 S.C. at 117, 385 S.E.2d at 625, (citing Strickland). Second, counsel's deficient performance must have prejudiced the Applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Cherry, 300 S.C. at 117-18, 386 S.E.2d at 625. As discussed above, the Applicant has failed to carry his burden in this action. Therefore, this Court finds that the application must be denied and dismissed

The Applicant's testimony that he thought he was pleading guilty to a fifteen year sentence was not credible. Plea counsel credibly testified that he explained the sentencing range and that they would argue for the lower end. The transcript reflects a full waiver and an additional explanation as to the potential sentence. (Guilty plea transcript, p. 18 - 19).

Beyond his review of the undisputed procedural history, this Court finds Applicant's testimony is not credible. Plea counsel's testimony is credible. Accordingly, this Court finds Applicant has failed to prove the first prong of the Strickland test - that counsel failed to render reasonably effective assistance under prevailing professional norms. This Court also finds Applicant has failed to prove the second prong of Strickland - that he was prejudiced by counsel's performance.

## CONCLUSION

Based on all the foregoing, this Court finds and concludes that the Applicant has not established any constitutional violations or deprivations that would require

this court to grant his application. Counsel was not deficient in any manner, nor was Applicant prejudiced by counsel's representation. Therefore, this application for post conviction relief must be denied and dismissed with prejudice.

Except as discussed above, this Court finds that the Applicant failed to raise the remaining allegations set forth in his application at the hearing and has, thereby, waived them. As to any and all allegations that were or could have been raised in the application or at the hearing in this matter, but were not specifically addressed in this Order, this Court finds Applicant failed to present any probative evidence regarding such allegations. Accordingly, this Court finds that Applicant waived such allegations and failed to meet his burden of proof regarding them. Accordingly, they are dismissed with prejudice. A waiver is a voluntary and intentional abandonment or relinquishment of a known right. Janasik v. Fairway Oaks Villas Horizontal Property Regime, 307 S.C. 339, 415 S.E.2d 384 (1992). A waiver may be express or implied. "An implied waiver results from acts and conduct of the party against whom the doctrine is invoked from which an intentional relinquishment of a right is reasonably inferable." Lyles v. BMI, Inc., 292 S.C. 153, 158-59, 355 S.E.2d 282 (Ct. App. 1987). The Applicant's failure to address these issue [sic] at the hearing indicates a voluntary and intentional relinquishment of his right to do so. Therefore, any and all remaining allegations are denied and dismissed.

This Court cautions the Applicant that he must file and serve a notice of appeal within thirty (30) days from the receipt by counsel of written notice of entry of judgment to secure the appropriate appellate review. See Rule 203, SCACR. Pursuant to Austin v. State, 305 S.C. 453 (1991), an Applicant has a right to an appellate counsel's assistance in seeking review of the denial of PCR. Rule 71.l(g), SCRCP, provides that if the applicant wishes to seek appellate review, PCR counsel must serve and file a Notice of Appeal on the Applicant's behalf. Applicant and counsel are directed to Rules 203, 206, and 243 of the South Carolina Appellate Court Rules for the appropriate procedures to follow after notice of intent to appeal has been timely filed.

App. 191-96. Attorney Belding filed a Notice of Appeal on Petitioner's behalf on March 22, 2012. ECF No. 16-3. On May 7, 2012, Appellate Defender David Alexander filed a *Johnson*[2] Petition for Writ of Certiorari on Petitioner's behalf. ECF No. 16-4. The sole issue presented, quoted verbatim, was: "Whether a juvenile defendant with an IQ of 73 who pleads guilty may validly waive the right to contest in a post-conviction proceeding his attorneys' performance during a family court transfer hearing determining his competency to stand trial?" *Id.* at 2. Additionally, Petitioner filed a pro se Petition for Writ of Certiorari and alleged, verbatim,

[2] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).

1) I was suppose to have been sentence as a Juvenile and not even went to General Sessions Period. (I was only 15 years old).

2) On June 3rd 2008 it was ordered for me to get a evaluation on Feb 26th 2009 Dr. Barbara H. Hartt PH.D psychologist [] for DJJ recommended for me to be seen by a psychiatrist. (I was never seen period)

3) Again per law a Juvenile with a low IQ is suppose to be evaluated. My IQ is 73. (I was never seen by anybody.) At my hearing the Judge asked for proof of my evaluation and they couldn't even prove I had one. He acted unprofessional by allowing the court to continue without all the evidence.

4) I was questioned on May 25th 2008 by the police without my parents or a lawyer present (Please be mindful I was only 15 years old. A juvenile)

5) The photo line up paper was never filled out. But the report claims that I was picked out of a photo line up by someone who was seen shooting at people.

6) I have no warrants what so ever. I was never served a warrant nor was my parents served a warrant on my behalf. Per law if a person is charged for something and arrested. They must be served a warrant and read there rights. I didn't get any warrants period.

7) I feel that my lawyer was ineffective due to the fact he didn't argue the fact that I was a juvenile and should be tried as one. Its impossible for me to be able to rehabilitate myself with 22 years.

ECF No. 16-6. On November 20, 2014, the South Carolina Supreme Court denied the petition for certiorari and issued the Remittitur on December 8, 2014. ECF Nos. 16-7, 16-8. This habeas Petition followed on January 5, 2015. ECF No. 1.

III.    Discussion

   A.  Federal Habeas Issues

Petitioner raises the following issue in his federal Petition for a Writ of Habeas Corpus as stated verbatim:

GROUND ONE:  Whether juvenile may waive counsel deficient performance in a collateral proceeding with IQ of 73. ECF No. 1 at 3.

Supporting Facts: The trial attorney was ineffective when he allowed his client to waive his right to challenge counsel deficient performance during family court process. The waiver is not valid because counsel failed to obtain psychiatric assistance as recommended and the waiver was uninformed. The waiver of constitutional rights must be done intelligently. So when counsel allowed me to enter into agreement to waive my rights is invalid. *Id.*

B.  Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319, 323 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

C.        Habeas Corpus Standard of Review

1.        Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 397-98 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2.        Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. 28 U.S.C. § 2254(a)-(b). The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require that a habeas petitioner first submit his claims for

relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.    Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

(A)    the applicant has exhausted the remedies available in the courts of the State; or

(B)    (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal; or (2) by filing an application for PCR.  State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976).  If the PCR court fails to address a claim as is required by section 17-27-80 of the South Carolina Code, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007). Strict time deadlines govern direct appeals and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court or the South Carolina Court of Appeals. *See State v. McKennedy*, 559 S.E.2d 850, 853 (S.C. 2002) (holding "that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.") (quoting *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief*, 471 S.E.2d 454, 454 (S.C. 1990)).

### b.     Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue

before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.  As the United States Supreme Court explains:

> [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim.  *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his

opportunity for relief in the state courts and in federal court. A federal court is barred from

considering the filed claim (absent a showing of cause and actual prejudice). In such an instance,

the exhaustion requirement is technically met and the rules of procedural bar apply. *See Teague*

*v. Lane*, 489 U.S. 288, 297-98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman v. Thompson*,

501 U.S. 722, 735 n.1 (1991); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996).

### 3. Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider

claims that have not been presented to the South Carolina Supreme Court in limited

circumstances in which a petitioner shows sufficient cause for failure to raise the claim and

actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental

miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause

if he can demonstrate ineffective assistance of counsel relating to the default, show an external

factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a

particular claim. *Id*. Absent a showing of cause, the court is not required to consider actual

prejudice. *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner

demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default.

*Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than

plain error.

### D. Analysis

#### 1. Procedurally-Barred Grounds

Interpreting Petitioner's Ground One argument as it is worded in his Petition, Petitioner

maintains that due to his IQ of 73, Petitioner could not waive his right to challenge the

effectiveness of plea counsel. ECF No. 1 at 4. However, considering the supporting facts under

Ground One and Petitioner's Response, Petitioner appears to argue that plea counsel failed to provide effective assistance during the waiver proceedings in family court. *See id.*; ECF No. 25 at 10-12. Respondent argues that Ground One was procedurally defaulted in state court and is thus barred from federal habeas review. ECF No. 16 at 14. Specifically, Respondent argues that Ground One was not raised by Petitioner in his PCR action and was not ruled on by the PCR court. *Id.* Therefore, Respondent contends it is unavailable for collateral review. *Id.* In Response, Petitioner maintains that "this case is a prime example of the U.S. Supreme Court's sound wisdom in Martinez v. Ryan, 566 U.S. 1 (2012)." ECF No. 25 at 5. Further, Petitioner argues that his state appointed PCR counsel's statutory and professional obligation "to insist upon a 'full and fair' state proceeding--as defined not only by state law, but also by federal statute." *Id.* Moreover, Petitioner "submits the procedural default should be imputed to the State and any procedural bar lifted to review this case on the merits." *Id.* at 6.

In *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), the Supreme Court reviewed a case where an Arizona state prisoner petitioned for writ of habeas corpus. *Id.* at 1310. Arizona, like South Carolina, requires "claims of ineffective assistance at trial to be reserved for state collateral proceedings." *Id.* at 1314. Martinez's attorney in his state collateral proceeding filed a notice for PCR, however, she later filed a statement "asserting she could find no colorable claims at all." *Id.* Ultimately, Martinez's PCR action was dismissed. *Id.* Later, with the assistance of new PCR counsel, Martinez filed a second notice for PCR where he raised several ineffective-assistance-of-trial-counsel claims. *Id.* However, the Arizona trial and appellate courts denied Martinez relief because he failed to raise his second PCR claims in the first PCR. *Id.* In his district court habeas petition, Martinez raised his ineffective-assistance-of-trial-counsel claims. *Id.* There, he argued

that he should overcome any procedural hurdles related to these claims because his first PCR counsel was ineffective in failing to raise any claims in the first PCR action. *Id.* at 1314-15.

There, the Supreme Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 1315. In its analysis, the *Martinez* Court recognized that *Coleman v. Thompson*, 501 U.S. 722, 754 (1991) held:

> [A]n attorney's errors during an appeal on direct review may provide cause to excuse a procedural default; for if the attorney appointed by the State to pursue the direct appeal is ineffective, the prisoner has been denied fair process and the opportunity to comply with the State's procedures and obtain an adjudication on the merits of his claims.

*Id.* at 1317. If a state requires a prisoner to raise ineffective assistance of trial counsel in a collateral proceeding, the *Martinez* Court determined a prisoner may establish cause for a default of an ineffective-assistance claim in the following two circumstances:

> [1] where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial [and 2] where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Id.* at 1318.

The undersigned finds that Petitioner failed to raise either of the following waiver arguments in his PCR application, App. 86-90, or in his brief submitted in support of his PCR Application, App. 97-102: (1) Due to his IQ of 73, Petitioner could not waive his right to challenge the effectiveness of plea counsel; or (2) Plea counsel failed to provide effective assistance during the waiver proceedings in family court. Additionally, the undersigned finds that the PCR court did not rule on either waiver argument but held that Petitioner failed to prove

either prong of the *Strickland* test and found that plea "[c]ounsel was not deficient in any manner nor was [Petitioner] prejudiced by counsel's representations." App. 194-95.

Because Petitioner did not bring this issue to the PCR court's attention and because the PCR court did not rule on it, these waiver grounds are procedurally barred from federal habeas review. *See Plyler v. State*, 424 S.E.2d 477, 478 (S.C. 1992) (holding that an issue that was neither raised at the PCR hearing nor ruled upon by the PCR court is procedurally barred). In some instances, the undersigned finds that *Martinez* would allow the court to excuse the default and address these grounds on the merits. However, to overcome the default, *Martinez* requires Petitioner to demonstrate that the underlying ineffective-assistance-of-counsel claim is substantial or has merit. 132 S. Ct. at 1318. Below the undersigned will consider the substance of these arguments.

a)     Waiving effectiveness of plea counsel

As part of his plea agreement in general sessions court, Petitioner agreed to waive "any right to file an appeal or for post-conviction relief from any Family Court proceedings or from this plea." App. 25. In other words, Petitioner waived his rights to (1) file an appeal or a PCR from the family court proceedings and (2) his right to appeal his guilty plea. *See* App. 28-29. However, Petitioner did not waive his right to seek PCR from his General Sessions guilty plea proceedings. *See id.* The undersigned notes that recently the South Carolina Supreme Court issued an opinion in a PCR case concerning a similar plea. There, the court agreed "with the wealth of federal jurisprudence which allows for ineffective assistance of counsel claims to proceed despite a previous waiver of collateral review where the challenge directly attacks the effectiveness of the advice to agree to that waiver." *Sanders v. State*, 773 S.E.2d 580, 582 (S.C. 2015). In *Sanders*, the court ultimately held that the "PCR Court erred in not allowing Sanders to

present evidence of ineffective assistance of counsel on the limited issue of his counsel's advice in connection with entering into the agreement." *Id.* at 583. Here, the PCR court held an evidentiary hearing and allowed Petitioner to present arguments of ineffective assistance of plea counsel. Therefore, to the extent Petitioner argues plea counsel was ineffective in advising he accept a plea agreement that waived his right to collateral review, the undersigned finds Petitioner suffered no prejudice because the PCR court held the requisite hearing and issued an order on the ineffective assistance of counsel arguments Petitioner and PCR counsel presented.

To the extent Petitioner seeks to invoke *Martinez* to allege his PCR counsel was ineffective for failing to raise the alleged improper wavier of a claim regarding the effectiveness of plea counsel, under the first requirement of the *Martinez* exception, Petitioner must "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the [petitioner] must demonstrate that the claim has some merit." *Gray v. Pearson*, 526 F. App'x 331, 333 (4th Cir. 2013). Therefore, Petitioner must show that there is a reasonable probability that he would have received relief on his claim of ineffective assistance of trial counsel in his application for PCR if that claim had been raised, and that his PCR counsel's failure to raise the claim during his PCR proceeding was objectively unreasonable. *Ford v. McCall*, No. 8:12–2266-GRA, 2013 WL 4434389, at *11 (D.S.C. Aug. 14, 2013) (citing *Horonzy v. Smith*, No. 11–234, 2013 WL 3776372, at *6 (D. Idaho Sept. 12, 2012) ("The application of the *Strickland* test in this instance means that Petitioner is required to show that counsel's representation during the post-conviction proceeding was objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter. This standard is a high one."). Applying *Martinez* to the record and Petitioner's plea counsel waiver

argument, the undersigned finds that Petitioner has failed to show he is entitled to relief under this standard. Petitioner cannot demonstrate a substantial claim of ineffective assistance of plea counsel; that PCR counsel was objectively unreasonable in failing to raise it; and that, but for PCR counsel's errors, there is a reasonable probability that Petitioner would have received relief on his claim of ineffective assistance of plea counsel. Therefore, the undersigned finds this ground is meritless and recommends granting Respondent summary judgment on this waiver ground.

> b)      Effectiveness of Counsel in Family Court

To the extent Petitioner's Ground One argument is that plea counsel failed to provide effective assistance during the waiver proceedings in family court, the undersigned finds that Petitioner has failed to demonstrate that this argument is a substantial one as required under *Martinez* to warrant review on the merits. *See* 132 S. Ct. at 1318.

During the PCR hearing, plea counsel testified that he initially represented Petitioner at the family court waiver hearing and they "went through all the procedures before the hearing, and then judge -- I believe it was Judge Riddle did waive him up [from Family Court to General Sessions Court]." App. 163. When asked if it was a close call, plea counsel testified: "I tried my best. I mean, you know, it's up to her, but I think she – she met all the statutory requirements, I believe, but you know, we did have an argument for maintaining the case be in family court." App. 163. Plea counsel testified that they had a pre-waiver evaluation done and he "argued from a lot of that." App. 163. Plea counsel specifically testified that he recalled Petitioner was found competent to stand for trial. App. 164.

The evidence demonstrates that plea counsel did not agree to "waive" Petitioner up to General Sessions. Rather, the evidence demonstrates that plea counsel argued for Petitioner's

case to remain in family court. Therefore, to the extent Petitioner is arguing that plea counsel failed to provide effective assistance during the waiver proceedings in family court, the undersigned finds this ground is meritless and recommends granting Respondent summary judgment on this waiver ground.

### 2. Miscarriage of Justice Exception

Petitioner may overcome procedural defaults and have his claims addressed on the merits by showing either cause and prejudice for the default, or that a miscarriage of justice would result from the lack of such review. *See Coleman*, 501 U.S. at 750; *Savino v. Murray*, 82 F.3d 593, 602-03 (4th Cir. 1996). In order to demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In order to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* (internal citation omitted). The court's review of the record does not support a showing of any cause and prejudice or actual innocence to excuse the default. Thus, his claims are procedurally barred from consideration by this court and should be dismissed. The undersigned therefore recommends that the Respondent's Motion for Summary Judgment be granted as the waiver grounds articulated above.[3]

### 3. Merits

---

[3] The Fourth Circuit has stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995). Accordingly, the undersigned will not discuss the merits of the two waiver Grounds discussed above.

Liberally construing Petitioner's claim to include an argument that plea counsel was ineffective in advising Petitioner to waive his rights to a jury trial and accept a plea, the undersigned recommends granting Respondent summary judgment on this waiver ground.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S. 759, 771 (1970). In *Strickland v. Washington* the Supreme Court held that to establish ineffective assistance of counsel, a petitioner must show deficient performance and resulting prejudice. 466 U.S. at 687. Counsel renders ineffective assistance when his performance "[falls] below an objective standard of reasonableness," but there is a "strong presumption" that counsel's performance was professionally reasonable. *Id.* at 688-89. Prejudice requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Petitioner represents that the PCR court judge sympathized with Petitioner because of his age, low IQ, and lack of family support. *See id.* However, Petitioner maintains the PCR court stated he "can't help with any of that." *Id.* Further, Petitioner represents that the PCR court judge found that Petitioner "was stipulated to be competent. There's nothing in front of [the PCR judge] that shows [him] he was not. . ." *Id.*

According to the PCR transcript, PCR counsel argued that Petitioner was a minor and a "totality-of-the-circumstances" test is applied when there is a question about an unrepresented minor being with the police, and "they say it's not only the age but it's the intellect, it's the experience. . . ." App. 178-79. According to Attorney Belding's argument, had plea counsel "challenged the voluntariness of those statements, they may very well have been suppressed."

App. 179. Additionally Attorney Belding maintained: "We take the position that the main prejudice to the applicant is that – is his own statements that the police got out of him because he was a 15-year-old that didn't know much about the system and quite frankly is--has a Wechsler scale of 73 and . . . those things very much weigh on his side of the analysis in balancing the totality of the circumstances." App. 179. In response to those arguments, Attorney Petrano argued on behalf of the State that "[t]he statements were completely voluntary, [and] [t]his factual scenario, even taken in the light most favorable to [Petitioner], almost exactly parallels the situation in State versus Wannamaker." App. 179. After the parties' arguments concluded, the PCR court stated:

> I sympathize with him because of the 73 - - you know, 14, 15 at the time and all of that and it looks like his family didn't back him either, but I can't help him with any of that. He was stipulated to be competent. There's nothing in front of me that shows that he was not, and he got the benefit of not having the hand of one/hand of all. And with his statement, he did try to shoot the gun, you know. I recognize if that was suppressed that would be another matter, but we still have Devian[4] there and I don't think he can - - he would be right back where he was. So sorry, but that's it.

App. 180.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 694. In *Strickland*, the Supreme Court articulated a two-prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense

---

[4] Devian Jenkins was Petitioner's co-defendant who also pleaded guilty. App. 3-5.

such that the Petitioner was deprived of a fair trial. Prejudice requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 669. In the context of a guilty plea, ineffective assistance of counsel claims may be asserted in limited circumstances. In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The undersigned finds there is no evidence to support Petitioner's assertion that he was not competent to agree to the waiver or to plead guilty. The PCR court specifically noted this at the end of the PCR hearing. App. 180. Because Petitioner presented no evidence at the PCR hearing of his incompetence, by way of a psychiatric evaluation, expert testimony, or otherwise, he has failed to demonstrate that his plea attorney was deficient. "Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington v. Richter*, 562 U.S. at 105.

In this case it is arguable that a reasonable attorney would not raise Petitioner's competency or his ability to waive trial rights based on plea counsel's testimony that Petitioner was found competent to stand trial. *See* App. 164. During the PCR hearing, plea counsel testified that they had a pre-waiver evaluation done and he "argued from a lot of that." App. 163. Plea

counsel specifically testified that he recalled Petitioner was found competent to stand for trial. App. 164.

Additionally, during the plea hearing, Judge Manning specifically asked whether Petitioner and his co-defendant were evaluated and found competent to stand trial. App. 5. A public defender responded "[a]t the waiver – pre-waiver hearing, they each were evaluated, they each were found competent to stand trial," and Plea counsel responded, "that's correct." App. 5. It appears that the attorneys did not present the court with copies of the evaluations, and Judge Manning indicated that "at some point and time, [he] need[s] the record supplemented [] with that evaluation." App. 6.[5] Nevertheless, based on the testimony from both the plea and PCR hearings, the undersigned finds there is evidence demonstrating Petitioner was competent to stand trial, and plea counsel did not err in failing to raise his competency to plead guilty and waive his right to trial.

Even if Petitioner could successfully prove his trial counsel acted unreasonably, he still must prove that his unreasonable performance was prejudicial. Petitioner offers no such evidence. Specifically, he has failed to demonstrate a reasonable probability that had he proceeded to trial and that a jury would have found him not guilty. *See Hill*, 474 U.S. at 59 (holding the "prejudice" inquiry for "guilty plea" cases, involves not simply whether counsel's error caused a defendant to plead guilty rather than go to trial but also a determination of whether the outcome of a trial would have been different).

Furthermore, a federal court may not grant habeas relief unless the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or

---

[5] Petitioner included his evaluation in a supplemental attachment to his habeas Petition. ECF No. 27.

"resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C.A. § 2254(d). Plaintiff has not provided "any Supreme Court precedent to establish that h[is] trial counsel's representation was constitutionally deficient. *Bustos v. White*, 521 F.3d 321, 325 (4th Cir. 2008) (quoting *Hill v. Lockhart*, 474 U.S. 52, 60 ("We find it unnecessary to determine whether there may be circumstances under which erroneous advice by counsel as to parole eligibility may be deemed constitutionally ineffective assistance of counsel . . . .")).

Accordingly, the undersigned finds that Petitioner has failed to demonstrate that the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d) & (e)(1). As a result, an argument that plea counsel was ineffective in advising Petitioner accept a plea agreement and waive his trial rights based on his competency is without merit and should be dismissed.

IV.     Conclusion

For the foregoing reasons, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 17, be GRANTED and the habeas Petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

September 30, 2015                                       Kaymani D. West
Florence, South Carolina                                United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**